UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTONIA O. WELTY,

Plaintiff,

v.

FCA US, LLC,

Defendant.

Case No. 24-cv-09134-RS

**ORDER GRANTING MOTION TO REMAND**

I. INTRODUCTION

Plaintiff Antonia O. Welty alleges that in May of 2023, she entered into a warranty contract with defendant FCA US, LLC, regarding a 2023 Jeep Wrangler vehicle she had purchased. Welty contends she received various warranties, including, but not limited to, a "bumper-to-bumper" warranty, a powertrain warranty, and an emission warranty, in which FCA undertook to preserve or maintain the utility or performance of the vehicle or to provide compensation if there was a failure within a specified time period.

Welty alleges that during the warranty period the vehicle contained or developed defects and nonconformities to warranty, which substantially impaired its use, value, or safety, and that FCA "and its representatives have failed to service or repair the Vehicle to conform to the applicable express and implied warranties."

Welty filed this suit in Alameda County Superior Court, advancing various claims under state law. FCA removed, asserting jurisdiction based on diversity. Welty moves to remand,

contending FCA has not met its burden to establish the requisite amount is in controversy. The motion will be granted.

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Moreover, the party seeking to establish federal jurisdiction must meet this burden "by a preponderance of the evidence." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (emphasis omitted)). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, at 566.

## III. DISCUSSION

The complaint alleges that Welty "suffered damages in a sum to be proven at trial in an amount that is not less than $35,001.00." Complaint, para. 22. Presumably this allegation was intended to establish the matter as an "unlimited civil case" under the rules of the state court. While the allegation is consistent with an amount in controversy of at least $75,000, standing alone it does not establish jurisdiction exists here. FCA therefore relies on the following assumptions:

United States District Court
Northern District of California

1. Welty's "actual damages" are $51,016.95—the "Lease Price" of the vehicle

2. Because Welty seeks civil penalties in an amount twice her actual damages, that amount should be calculated as an additional $102,033.90.

3. Welty seeks attorney fees, which "often exceed $25,000" in cases like this.

Thus, in FCAs' view, the amount in controversy easily exceeds the $75,000 jurisdictional minimum.

The flaw in FCA's analysis is that it has not established with any degree of certainty the amount of actual damages in controversy. Relying merely on the lease price of the vehicle is insufficient, even apart from the potential issue of a mileage offset. *See* Cal. Civ. Code § 1793.2(d)(2)(C). FCA is effectively treating the complaint's allegation of damages in excess of $35,001 as if that were the actual damages, which could then be doubled to arrive at statutory penalties.

Such a reading of similar damages allegations has routinely been rejected. *See*, *e.g.*, *Feichtmann v. FCA US LLC*, 2020 WL 3277479, at *3 (N.D. Cal. June 18, 2020) ("Moreover, in the Motion For Remand, Plaintiff clarifies that the 'damages' allegation in the Complaint refers collectively to actual damages and civil penalties."); *Steeg v. Ford Motor Company*, 2020 WL 2121508, at *3 (N.D. Cal. May 5, 2020) (same); *Vallejo v. General Motors*, LLC, 2020 WL 1164949, at *3 (C.D. Cal. Mar. 11, 2020) ("the Court construes paragraph 12 of Plaintiffs' Complaint to encompass all of their requested recovery, not just the actual damages that they seek. Accordingly, that allegation does not demonstrate that more than $75,000 is in controversy, even when coupled with Plaintiffs' request for a civil penalty").

Furthermore, even if FCA had established the amount of actual damages in controversy with more certainty, its assumption that double that amount in civil penalties should automatically be included is not tenable. *See Makol v. Jaguar Land Rover North America, LLC*, 2018 WL 3194424, at *3 (N.D. Cal., June 28, 2018) ("[T]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed . . . . [I]nstead of simply assuming a penalty will be awarded, the defendant must make some effort to justify the assumption by, for example, pointing to

United States District Court  
Northern District of California

allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." (citations omitted)). Likewise, FCA's broad assertion as to potential attorney fees does not tip the balance.

As Welty appears to understand, FCA is not to be faulted for not making a more robust showing in the notice of removal that the jurisdictional minimum was satisfied. When first filing a notice of removal, a defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, (2014) (citing 18 U.S.C. § 1446(a)). That said, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) . . . when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. Because FCA did not meet that burden here, the motion to remand must be granted.[1]

---

[1] FCA complains that Welty unduly delayed in bringing its remand motion. While Welty's failure to act more promptly is not to be condoned, there is no time limit for motions to remand based on lack of subject matter jurisdiction. *See Enbridge Energy, LP v. Nessel on behalf of Michigan*, No. 24-783, 2026 WL 1083312, at *9 (U.S. Apr. 22, 2026) ("§ 1447(c)'s 30-day deadline for motions to remand . . . does not apply if a court lacks subject-matter jurisdiction . . . . Section 1447(c) reflects the unique stringency that applies to jurisdictional rules, which cannot be waived or forfeited.") (internal citation omitted).

## IV.  CONCLUSION

This action is hereby remanded to Alameda Superior Court.

**IT IS SO ORDERED**.

Dated: April 28, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

CASE NO. 24-cv-09134-RS

5